T.C. Memo. 2008-109

UNITED STATES TAX COURT

DANIEL PIERCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13737-06.                 Filed April 22, 2008.

Daniel Pierce, pro se.

<u>Jeffrey S. Luechtefeld</u> and <u>Melinda G. Williams</u>, for
respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motion for judgment on the pleadings.[1]

---

[1]  All section references are to the Internal Revenue Code
applicable to the years in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

## Background

Petitioner did not file Federal income tax returns for 2001, 2002, 2003, or 2004.

Under section 6020(b) and on the basis of information provided to respondent by third parties relating to payments made to petitioner, respondent prepared substitute tax returns for petitioner and determined against petitioner the tax deficiencies and additions to tax set forth below.

| | | Additions to Tax | | | |
| | | Sec. | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6651(f) | 6654 |
| 2001 | $21,424 | $4,820 | [1] | --- | $856 |
| 2002 | 21,129 | 4,754 | [1] | $706 | --- |
| 2003 | 12,687 | 2,855 | [1] | 332 | --- |
| 2004 | 12,904 | 2,903 | [1] | 375 | --- |

[1] To be calculated in accordance with sec. 6651.

Respondent also determined against petitioner a self-employment tax liability on the basis of payments petitioner received for work as a janitor.

On July 17, 2006, in response to respondent's notice of deficiency, petitioner filed a petition containing only tax-protester arguments. By court order of November 1, 2006, petitioner's tax-protester arguments were stricken from the petition.

## Discussion

After the above November 1, 2006, Court order, the only viable remaining issue before the Court is respondent's determination of the section 6651(f) addition to tax for fraudulent failure to file tax returns, and with the filing of the instant motion for judgment on the pleadings, respondent concedes for each year the section 6651(f) addition to tax for fraud.

However, in opposing respondent's motion for judgment on the pleadings and at a hearing that was held on February 13, 2008, in Tampa, Florida, petitioner again raises only tax-protester arguments.

We may grant judgment on the pleadings where the pleadings do not raise genuine issues of material fact or law. Rule 120(a); Nis Family Trust v. Commissioner, 115 T.C. 523, 537 (2000); Karkabe v. Commissioner, T.C. Memo. 2007-115.

Petitioner raises only tax-protester arguments, each of which has been stricken, and respondent now concedes for each year the addition to tax for fraud.

For the reasons stated, we shall grant respondent's motion for judgment on the pleadings as to the tax deficiency for each year, and the tax deficiency sustained for each year satisfies respondent's burden of production under section 7491(c) with regard to the section 6651(a)(1) and (2) additions to tax and the

section 6654 addition to tax.  Respondent's determination of additional self-employment taxes due on payments petitioner received for janitorial work also is sustained.  Sec. 1401.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.